Dear Mr. Mansfield and Dr. Williams,
You have requested an opinion of this office relating to a policy proposed by the Recovery School District ("RSD") regarding loss of RSD property issued to its employees.
The RSD was established by the Legislature in 2003 as a result of the enactment of La.R.S. 17:1990. It is administered by the State Department of Education and is subject to the approval of the State Board of Elementary and Secondary Education. The employees of the RSD are treated as employees of the State of Louisiana.
According to your request, the RSD currently requires that any property issued to an employee be described in detail using Form EPC6 (a copy of which was included with your request). The employee signs and dates the form, which describes the property being issued to the employee in detail. By doing so, the employee acknowledges his obligation to report the loss or theft of, or damage to, the property issued to him described on the Form EPC6. The employee also acknowledges he is liable for payment for the loss, theft, or disappearance of, or damage to, the property issued to him/her where the loss, theft, or disappearance of such property is due to the employee's wrongful or grossly negligent act or omission. *Page 2 
Your request further states that during the current school year, a significant number of RSD-owned laptop computers, whose value per unit is in excess of $1,200, issued to primarily school-based staff, have been lost or stolen. Locations of these disappearances have included unlocked classrooms and the passenger compartments of employees' vehicles. As employees have been cautioned not to leave their laptops unattended or unsecured on numerous occasions, it is the RSD's position that leaving an expensive item, such as a laptop, unsecured constitutes gross negligence as the term is commonly understood.[1]
The RSD has formulated a policy to apply in cases of lost, stolen, or damaged property issued to employees and asks our office to comment as to whether the policy is permissible. The policy provides:
1. Employees must report all instances of lost, stolen, or damages property to their supervisors immediately but, in no event, by no later than the end of their assigned work hours during which the event occurred. All thefts must be reported immediately to the police.
2. The RSD's Office of Risk Management shall investigate all losses, thefts, and damage regarding RSD property and shall determine whether employee negligence, carelessness, or malfeasance was partially or largely responsible for the loss, theft, or damage. The Investigator shall, as part of the investigation, obtain the written and signed statement of the employee. A copy of the Investigator's report shall be furnished to Human Resources.
3. Human Resources will determine, based on the Investigator's report as well as any additional information available to it as a result of its own investigation into the facts and circumstances, what, if any, disciplinary action regarding the employee. Human Resources may, as part of its investigation, interview the employee and obtain his/her written statement. The disciplinary action may include, but is not limited to, requiring the employee to reimburse the RSD in an amount equal to the value of the lost or stolen property based on replacement cost, or if applicable, the cost of repairs in the event of damage to the property. Human Resources may, in appropriate cases, suspend or terminate the employee. The employee shall *Page 3 
have the right to appeal any sanction imposed under this policy as provided for by the RSD Employee Handbook.
There is no question that public funds may be utilized to equip public officials and personnel with regard to their public duties and responsibilities. La. Atty. Gen. Op. No. 05-0036. Property that is purchased with public funds and given to a public employee to use in carrying out his or her job is public property and must be returned to the public employer when the employee leaves employment in order to avoid violating La.Const. art. VII, Sec. 14(A). See La. Atty. Gen. Op. No. 08-0311 (opining "items given by a police department to an officer for the purpose of performing his duties as an officer constitutes police equipment and public property. Because public funds are used to purchase police equipment all equipment issued to an officer is the public property of the police department and must be returned when the employee ceases employment."); La. Atty. Gen. Op. No. 02-0476 (opining that "providing uniforms to Town employees was a donation of public funds and such is prohibited by Article 7, Section 14 of the Louisiana Constitution. But if the uniforms remain the Town's property and are worn pursuant to a formal policy, the Town may do so."); La. Atty. Gen. Op. No. 87-710 (opining that "uniforms purchased by the assessor must remain public property in order that Article VII, Section 14 of the Louisiana Constitution is not violated."); and La. Atty. Gen. Op. No. 77-71 (opining that "the police jury may furnish trucks to be used by individual police jurors provided it is expressly understood that such trucks are and will always remain public property and are to be used only for police jury purposes.").[2]
If a public employer gives an employee equipment to use for his job and the employee either uses the equipment for personal use or fails to return the equipment, the employer has given away public *Page 4 
property in violation of La.Const. art. VII, Sec. 14.[3] La. Atty. Gen. Op. No. 09-0142. Based on these past opinions interpreting La.Const. art. VII, Sec. 14, it is clear that an employer cannot give equipment away to its employees; rather, the employees must return the equipment when done using it (or when no longer employed) because the equipment is public property.
In La. Atty. Gen. Op. No. 79-1238, this office opined as to whether an employer could hold employees responsible for lost or stolen equipment by deducting the replacement cost of the lost or stolen equipment from the employee's paycheck. The opinion pointed out that "the `statement of issue' should be clarified to clearly state if it is intended to require the employee to replace at his cost any and all items for which he receipts, irrespective of their loss or theft having been without his fault or negligence; and it should be clearly stated whether `replacement' cost' is intended to mean of a new item of the same kind, or whether it means of a comparable depreciated item."
Accordingly, it is the opinion of this office that the RSD may require employees who lose RSD-issued property through their grossly negligent actions to reimburse the RSD for the cost of the lost equipment so long as the employee is made aware of the reimbursement policy at the time he checks out the equipment. The policy should be clear as to whether the replacement cost will be a new item of the same kind or a comparable depreciated item.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] We offer no opinion on what would constitute an employee's wrongful or grossly negligent act or omission. That is a factual determination that must be left to the courts.
[2] Additionally, public employees who use public property have a duty pursuant to La.R.S. 42:1461 not to misuse or misappropriate the property. The statute provides, in pertinent part, as follows:
A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entity", which, for purposes of this Section shall mean and include any department, division, office, board, agency, commission, or other organizational unit of any of the three branches of state government or of any parish, municipality, school board or district, court of limited jurisdiction, or other political subdivision or district, or the office of any sheriff, district attorney, coroner, or clerk of court, by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
If an agency head has actual knowledge that a misappropriation of public funds or assets of his agency has taken place, he has a duty to notify, in writing, the legislative auditor and the district attorney of the parish in which the agency is domiciled of the misappropriation. La.R.S.24:523.
[3] La.Const. art. VII, Sec. 14(A) prohibits a public entity from giving away public funds when it does not get something of equivalent value back in return. It provides, in pertinent part, as follows: "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'" The Louisiana Supreme Court has interpreted this provision as being violated "when public funds or property are gratuitously alienated." Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11, 20.